IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GALEN BROOKS, | § | |
| | § | No. 185, 2015 |
| Defendant Below-Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below-Appellee. | § | |

Submitted:   January 20, 2016
Decided:     January 20, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

## **O R D E R**

This 20th day of January 2016, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)    The appellant, who was convicted of forty drug-related charges, appeals the Superior Court's decisions denying his motion to suppress incriminating wiretap evidence[1] and denying his motion for a new trial based on newly discovered evidence at the Office of the Chief Medical Examiner ("OCME").[2]  We find that the judgment of the Superior Court should be affirmed on the basis of and for the reasons assigned in the Superior Court's decisions of July 30, 2013 and March 10, 2015.

---

[1] *State v. Brooks*, I.D. No. 1206011471, 2013 WL 4051049 (Del. Super. July 30, 2013).
[2] *State v. Brooks*, I.D. No. 1206011471 (Del. Super. Mar. 10, 2015).

(2)     As to Brooks's motion for a new trial, Brooks acknowledges that the Superior Court had to find that "[t]he new evidence is of such a nature that it would have probably changed the result if presented to the jury."[3]   But Brooks ignores that: (i) the OCME misconduct did not involve evidence planting; (ii) the only drug evidence in Brooks's trial was cocaine found on his co-conspirator; (iii) this evidence was a very small part of the prosecution's case; and (iv) the evidence seized from Brooks's co-conspirator was retested after the OCME misconduct was discovered and its contents were confirmed to be cocaine.   Thus, the Superior Court correctly concluded that the new evidence did not undermine the trial's outcome.

NOW, THEREFORE, IT IS ORDERED that the Superior Court's judgments of July 30, 2013 and March 10, 2015 are AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[3] *Hicks v. State*, 913 A.2d 1189, 1194 (Del. 2006); Opening Br. at 21.